**Robert FRANCIS, etc., et al.**

v.

**Rita C. DAVIDSON, Secretary, Department of Employment and Social Services, et al.,**

**The Chamber of Commerce of the United States, Intervenor,**

**Department of Health, Education & Welfare, Amicus Curiae.**

**Civ. No. 71–853–K.**

United States District Court,
D. Maryland.

June 25, 1974.

C. Christopher Brown, Baltimore, Md., for plaintiffs.

Francis B. Burch, Atty. Gen., Henry R. Lord, Deputy Atty. Gen., and Joel J. Rabin and Diana G. Motz, Asst. Attys. Gen., Baltimore, Md., for defendants.

Milton A. Smith, Gen. Counsel, and Richard Berman, Labor Relations Counsel, Chamber of Commerce of U. S., Washington, D. C., Gerard C. Smetana, Chicago, Ill., Lawrence M. Cohen and Jeffrey M. Goldman, Chicago, Ill., and James P. Garland, Baltimore, Md., for intervenor U. S. Chamber of Commerce.

George Beall, U. S. Atty., and Thomas G. Banjanin, Asst. U. S. Atty., Baltimore, Md., and Stephanie W. Naidoff, Regional Atty., and James C. Newman, Asst. Regional Atty., Region III, Office of the Gen. Counsel, Dept. of Health, Education and Welfare, Washington, D. C., for amicus curiae Dept. of Health, Education & Welfare.

Before WINTER, Circuit Judge, and KAUFMAN and YOUNG, District Judges.

FRANK A. KAUFMAN, District Judge.

After this Court's first opinion in this case[1] was summarily affirmed by the Supreme Court of the United States,[2] the Secretary of the Department of Health, Education and Welfare (HEW) promulgated, effective July 12, 1973, an amendment to 45 C.F.R. § 233.100(a). Prior to that amendment, that regulation provided in part:

If a State wishes to provide AFDC for children of unemployed fathers, the State plan * * * must [with exceptions not here relevant] * * * :

(1) Include a definition of an unemployed father

(i) Which shall include any father who is employed less than 30 hours a week, or less than three fourths of the number of hours considered by the industry to be full time for the job, whichever is less, and

(ii) Which may include any father who is employed less than 35 hours a week, or less than the number of hours considered by the industry to be full time for the job, whichever is less.

After the July 12, 1973 amendment, subsections (i) and (ii) of 45 C.F.R. § 23.100(a)(1) were amended to read as follows:

(i) Is employed less than 100 hours a month; or

(ii) Exceeds that standard for a particular month, if his work is intermittent and the excess is of the temporary nature as evidenced by the fact that he was under the 100-hour standard for the prior 2 months and is expected to be under the standard during the next month;

except that, at the option of the State, such definition need not include a fa-

ther whose unemployment results from participation in a labor dispute or who is unemployed by reason of conduct or circumstances which result or would result in disqualification for unemployment compensation under the State's unemployment compensation law.[3]

3. Before adopting that amendment HEW published on January 3, 1973 the following notice in 38 Fed.Reg. 49:

Social and Rehabilitation Service

[45 CFR Part 233]

COVERAGE AND CONDITIONS OF ELIGIBILITY IN FINANCIAL ASSISTANCE PROGRAMS

Dependent Children of Unemployed Fathers

Notice is hereby given that the regulation set forth in tentative, alternative form below is proposed by the Administrator, Social and Rehabilitation Service, with the approval of the Secretary of Health, Education, and Welfare. Both alternatives would amend § 233.100(a)(1), which provides a Federal definition of unemployed father under the AFDC program in terms of hours of work.

In applying the existing regulation, the Department policy has been to permit a State, at its option, to use a definition of unemployed father which imposes additional conditions relating to the reason for the unemployment, e.g., the State definition might exclude a father whose unemployment results from participation in a labor dispute or who is unemployed by reason of conduct or circumstances which result or would result in disqualification for unemployment compensation under the State's unemployment compensation law. In Davidson v. Francis, the U.S. Supreme Court on October 16, summarily affirmed the judgment of the district court which held, in effect, that while the Secretary has broad authority to define an unemployed father for purposes of section 407 of the Social Security Act, the existing Federal regulation provides only an hours-of-work test, and thus prohibits a State from excluding fathers who meet this test but are disqualified for unemployment compensation.

Accordingly, the proposed alternative A below would amend the regulation to make the prior Department policy explicit, by stating the options which are permitted to the States in defining an unemployed father. Alternative B, on the other hand, would amend the regulation to make clear that the hours-of-work test is intended as the exclusive definition of unemployed fa-

Thereafter, the State of Maryland, citing the July 12, 1973 change in the federal regulation, moved to dissolve the injunction this Court issued in accordance with its earlier opinion.[4] Plaintiffs noted their opposition to the State's motion. Subsequently, this Court granted the motion of the United

ther, so that States may not have definitions which impose added conditions. This would be a change in Department policy, but would be consistent with the way that the existing regulation has been interpreted by the courts.

Davidson v. Francis attracted broad interest from States, assistance recipients, and industry and labor groups. The regulations are proposed in alternative form to give all those who are interested full information as to the various courses of action which are being considered.

\* \* \* \* \*

ALTERNATIVE A

[Alternative A was adopted word-for-word on July 12, 1973 and is set forth *supra* in the body of this opinion.]

ALTERNATIVE B

Section 233.100(a)(1) of Chapter II of Title 45 of the Code of Federal Regulations is revised to read as follows:

§ 233.100 Dependent children of unemployed fathers.

(a) *Requirements for State plans.*

\* \* \*

(1) Include a definition of an unemployed father which shall apply only to families determined to be needy in accordance with the provisions in § 233.20 and shall include any father who:

(i) Is employed less than 100 hours a month, or

(ii) Exceeds that standard for a particular month, if his work is intermittent and the excess is of a temporary nature as evidenced by the fact that he was under the 100-hours standard for the 2 prior months and is expected to be under the standard during the next month.

This shall be the exclusive definition of an unemployed father.

\* \* \* \* \*

[FR Doc. 73-33 Filed 1-2-73; 8:45 am]

4. In its January 28, 1972 opinion, this Court concluded (340 F.Supp. *supra* at 371) that injunctive relief was not required. Subsequently, at the request of the parties, in order to avoid ambiguity as to the status of this Court's holding and the appropriate appellate channel to be utilized in appealing therefrom, this Court granted injunctive relief on March 16, 1972.

States Chamber of Commerce to intervene,[5] requested and received the written views of the Secretary of HEW pursuant to Rosado v. Wyman, 397 U.S. 397, 406–407, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), received briefs, and heard oral argument from the parties and the intervenor.[6]

### Discharge for Cause

In its prior opinion [7] this Court held invalid Maryland's Rule 200.X.A. (2) which renders ineligible for AFDC-E aid children of "fathers who were discharged for gross misconduct or as a disciplinary measure", because that rule was in conflict with 45 C.F.R. § 233.-100(a) as then written. In so doing this Court wrote:

\* \* \* A man out of work because he was discharged for cause by his employer *is unemployed*. There can be no two ways about that conclusion. \* \* \* [Emphasis in original.]

██ The conflict between the federal and the Maryland regulation ended after the former was amended in July 1973 to permit each State to render ineligible for AFDC-E aid children whose fathers were unemployed by reason of their conduct. The federal regulation, as so amended, conflicts however with the provision for aid in 42 U.S.C. § 607(a) for "a needy child \* \* \* who has been deprived of parental support or care by reason of the *unemployment* (as determined in accordance with standards prescribed by the Secretary) of his father \* \* \*." [8] The statute relates to the unemployment of a father —and a father who is discharged for cause by his employer *is* unemployed. Because the federal regulation is incompatible with the federal statute, it follows that the Maryland regulation as of this date is based upon a provision authorized by an invalid federal regulation, and is thus itself invalid. Until the Congress amends the statute, no combination of federal and state regulations may provide that a father who is unemployed is not unemployed.

### Labor Dispute

By way of contrast a person out of work because of a labor dispute does not necessarily fall within the definition of "unemployed". In 1968, the Congress enacted an amendment to 42 U.S.C. § 607(b) providing for the Secretary rather than the State to define unemployment. Commenting upon that amendment in its prior opinion, this Court wrote that " \* \* \* the Congress empowered the Secretary, by regulation, to require each participating state (1) to include or (2) to exclude from its respective AFDC-E program those out of work because of involvement in labor disputes, or (3) to leave that decision to each state. \* \* \* " *Id.* at 367. Further, in that earlier opinion [9] this Court concluded that the Secretary by regulation at that time required participating States to classify those out of work because of labor disputes as "unemployed" and held Maryland's contrary regulation invalid. As related *supra*, the Secretary subsequently amended the federal regulation. That amendment established no standards for the States to follow and simply permitted each State to do as it chose. Thus, the Secretary interpreted this Court's opinion as nullifying the 1968 amendment.

Candor requires this Court to state that the language used by this Court in its earlier opinion in describing the

---

5. The intervenor urged the same result as did the State with regard to those out of work because of a labor dispute and took no position with regard to those out of work because of discharge for cause.

6. While no constitutional question was raised by the State's motion to dissolve, this three-judge court determined not to dissolve itself and return the case to a single district judge, for the same reasons as are set forth in 340 F.Supp. *supra* at 364 n. 23.

7. 340 F.Supp. *supra* at 366.

8. (Emphasis supplied.) The statute is set forth in full at 340 F.Supp. *supra* at 371–373, Appendix A, and has not since been amended by the Congress.

9. 340 F.Supp. *supra* at 367–370.

three alternatives available to the Secretary does—literally read—permit the amendment promulgated by the Secretary on July 12, 1973. That language could have, and from hindsight should have, included as part of alternative (3) and after the words "to leave that decision to each state" the additional words "in accordance with appropriate standards established by the Secretary". The need for the inclusion of those words is strongly supported by the legislative history of the 1968 statutory amendment which makes it clear that the Congress, in 1968, no longer was willing to allow each state to define the word "unemployment" for itself, but rather desired that national standards be established by the Secretary. "Section 607 was amended in 1968 to remove from the states the authority to define unemployment * * * ." Macias v. Finch, 324 F. Supp. 1252, 1256 (N.D.Cal.), aff'd, 400 U.S. 913, 91 S.Ct. 180, 27 L.Ed.2d 153 (1970). For example, the Under Secretary of HEW in 1967, Wilbur Cohen, stated to the Senate Finance Committee:

> Today, 22 states have programs to assist such children. But the differences between State programs are great. States may define unemployment as narrowly or broadly as they wish, requiring substantial previous work experience or no work experience.
>
> \*  \*  \*  \*  \*  \*
>
> * * * [F]or the first time the House Bill would set a Federal definition of unemployment. We are in complete agreement that there should be a Federal definition of unemployment.[10]

And the House Report,[11] with regard to the bill which embodied that amending language, explained:

> * * * Under present [1961] law, the States can establish programs for families with dependent children based on the unemployment of a parent and receive Federal matching.

The definition of unemployment is left up to the individual States. Under the bill, Federal matching would be available only for the children of unemployed fathers and the definition of unemployment would be made by the Federal Government.

The Secretary, instead of being required to promulgate a national definition, was required by the 1972 amendment only to establish national standards within which the regulations of each of the states were to be channeled and confined. The July 12, 1973 federal regulation contains no standards whatsoever. Accordingly, that federal regulation does not carry out the intent of the 1968 amendment and is thus invalid. Accordingly also, the Maryland AFDC-E regulation excluding those unemployed because of labor disputes remains invalid.

It follows that the State's motion to dissolve this Court's outstanding injunction in this case must be, and it hereby is, denied.

10. Parts of statement before the Senate Finance Committee on August 22, 1967, p. 268.

11. H.R.Rep.No.544, 90th Cong., 1st Sess. 17 (1967).